## CLOUGH *v.* MANUFACTURING COMPANY.

1. The claim of letters-patent No. 105,768, granted to John F. Barker, July 26, 1870, for an "improvement in gas-burners," is valid.
2. Although, in its method of supplying additional gas and in its valve-arrangement for regulating the supply, a gas-burner made according to the description of those letters infringes both of the claims of letters-patent 104,271, granted to Theodore Clough, June 14, 1870, for an "improvement in gas-burners;" yet, as it dispenses with the interior tubular valve of Clough, and is made in two pieces instead of three, and is less expensive to make, and as, in regulating the supply, the shell alone revolves, and the flame always remains in one position, the modifications are new and useful, and therefore patentable.

APPEAL from the Circuit Court of the United States for the Southern District of New York.

The facts are stated in the opinion of the court.

*Mr. Edward N. Dickerson* and *Mr. Roger H. Lyon* for the appellant.

*Mr. William Stanley* and *Mr. Stephen. G. Clarke* for the appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This suit was brought by the Gilbert & Barker Manufacturing Company against Theodore Clough to recover for the infringement of letters-patent granted to John F. Barker, July 26, 1870, for an "improvement in gas-burners." The specification of that patent and its claim are set forth at length in the opinion in *Clough* v. *Barker, ante,* p. 166. The answer of the defendant admits that he has made and sold gas-burners substantially like those described in the Barker patent. The principal defence he sets up in the answer is, that he invented the improvement patented to Barker, and obtained letters-patent therefor from the United States on the 14th of June, 1870, being the same patent on which the other suit in the case just cited was founded, and the specification of which is set forth at length in the opinion therein; that the burners which he has made and sold were made under and according to that patent; that he made and used said improvement in December, 1869, and applied for a patent for it Dec. 4, 1869, which was granted, being the said patent of June 14, 1870; that after he had invented and perfected said improvement, and had filed such application for a patent for it, he showed a sample of it to Barker, in May, 1870; and that Barker, thereupon, fraudulently intending to deprive him of the benefits of his invention, obtained a patent for it, being the said patent of July 26, 1870, the gas-burner patented by him being substantially like that previously patented by the defendant, in construction, mode of operation, and result, and being a mere mechanical equivalent therefor. No other anticipation of Barker's invention is set up in the answer. The decree of the court below was in favor of the plaintiff.

The claim of the Barker patent covers a gas-burner having these features: a pillar with holes therein around the circumference at its bottom, and an adjustable or movable surrounding

shell or tube, such shell, by being moved up or down, either closing or opening the holes, and thus stopping or permitting the flow of gas through the holes. The general principle of the burner, so far as regards supplying additional gas to the burner, through the holes and the surrounding tube, as the illuminating qualities of the gas become weaker, and as regards having a method of increasing or diminishing such supply by a valve-arrangement covering or uncovering the holes as required, is the same as that of the prior patent to Clough, the appellant, and which was the prior invention. It has been held by this court, in the other suit between the same parties, that a gas-burner made according to the description in the Barker patent infringes both of the claims of the Clough patent, — the claim for the method of supplying the additional gas, and the claim for the application of a valve-arrangement to regulate the supply. But the point of the invention and patent of Barker is, that the surrounding shell or tube is so arranged that the screwing of such shell up or down causes it to act as a valve, on the outside of the pillar, to close or open the holes. As a consequence, the interior tubular valve of Clough is dispensed with, the burner is made in two pieces instead of three, is less expensive to make, and, moreover, in regulating the supply of gas, the shell alone revolves, and not the burner with it, as in Clough's burner, and so the flame always remains in one position. We think, from the evidence, that these modifications were new and useful, and sufficient in character to sustain a patent. The burner in the form patented by Barker appears to have superseded the burner in the form patented by Clough, and, after Barker had introduced his burner into use, Clough commenced making for market burners in the same form patented by Barker.

As to the claim that Clough made prior to Barker the form of burner covered by Barker's patent, the Circuit Court held that, the burden of proof being on the defendant to make out that allegation satisfactorily, the evidence fell short of showing clearly that Clough anticipated Barker as to that form of burner. Without discussing the evidence in detail, it is sufficient to say that we concur in that view. The burner of Clough which Barker saw before he made his burner was the

Clough burner which had the tubular valve in the inside of the burner-tube.

If the evidence as to the existence prior to the invention of Barker of other burners than that of Clough be considered, on the question of the novelty of the arrangement claimed by the Barker patent, it must be held that none of the prior forms of burner introduced in evidence anticipate the arrangement covered by the claim of the Barker patent.

*Decree affirmed.*